UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; STATE FARM
INDEMNITY COMPANY; STATE FARM
GUARANTY INSURANCE COMPANY, and
STATE FARM FIRE & CASUALTY
INSURANCE COMPANY,

      *Plaintiffs*,

– against –

NYC MEDICAL TREATMENTS, P.C.,

      *Defendant*.

**MEMORANDUM & ORDER**
23-cv-03644 (NCM)(JAM)

---

**NATASHA C. MERLE**, United States District Judge:

  Plaintiffs State Farm Mutual Automobile Insurance Company, State Farm Indemnity Company, State Farm Guaranty Insurance Company, and State Farm Fire & Casualty Insurance Company (collectively, "State Farm") bring this action, seeking a declaratory judgment that defendant NYC Medical Treatments, P.C. ("NYC Medical") is not entitled to receive payment for claims brought under New York Insurance Law § 5101 *et seq.* (New York's "No Fault" insurance laws). State Farm now brings a combined motion to stay all pending arbitrations before the American Arbitration Association ("AAA") brought against it by NYC Medical and a motion for preliminary injunction, seeking to bar NYC Medical from commencing any future AAA arbitrations or future state court litigation. Mot., ECF No. 29 (the "Motion"). For the reasons discussed below, the Motion is **GRANTED.**

1

## BACKGROUND

State Farm is an insurance carrier in New York. Amend. Compl. ¶ 6 ("AC"). As part of New York's No Fault insurance scheme, State Farm is required to directly provide insureds with "basic economic loss" of up to $50,000 for costs arising from motor vehicle accidents. *See* N.Y. Ins. L. §§ 5102, 5103. The payment goes to the insured by default, but the benefits may be paid "upon assignment . . . to providers of health care services." N.Y. Comp. Codes R. & Regs. tit. 11, § 65-3.11(a). After a claim for services is submitted, the insurer verifies the claim and "is entitled to receive all items necessary to verify the claim directly from the parties from whom such verification was requested."*Id*. § 65-3.5(c); *see also id.* § 65-1.1 (requiring insurers to supply policy provisions, including requirements for insureds to "submit to examinations under oath," provide authorization for medical records, and "provide any other pertinent information"). The insurer must pay or deny the claim "within 30 calendar days after proof of claim is received." *Id.* § 65-3.8(c); *see also* N.Y. Ins. Law § 5106(a).

Medical providers that are assigned the aforementioned payouts may "bring a civil collection action in state court to recover overdue No-Fault benefits" or "seek arbitration of their claims for No-Fault benefits." *Gov't Emps. Ins. Co. v. Tolmasov*, 602 F. Supp. 3d 380, 383–84 (E.D.N.Y. May 2, 2022)[1]; *see also* N.Y. Ins. Law § 5106(b).

Pursuant to the No Fault Insurance scheme, NYC Medical submitted a series of claims to State Farm. *See* AC ¶ 1. State Farm conducted an investigation into those claims, which are the subject of this action, surveying the records of NYC Medical patients and analyzing the legitimacy of the billed services. AC ¶ 22. For the purposes of verifying the

---

[1] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

2

claims, State Farm requested additional records from NYC Medical, which plaintiffs allege were not fully supplied. AC ¶ 38. State Farm subsequently denied each claim for lacking proper proof and failing to comply with a condition of coverage. AC ¶ 43. Defendant then sought recovery for the unpaid claims in over 50 separate AAA arbitrations. *See* Mot. at 14.

State Farm brought this action, seeking declaratory relief under 28 U.S.C. §§ 2201 and 2202 and N.Y. C.P.L.R § 3001, asserting that it does not owe NYC Medical for unpaid claims in excess of $595,000. AC ¶ 46–47.

## STANDARD OF REVIEW[2]

"A preliminary injunction is an extraordinary remedy never awarded as of right," and is only warranted upon a clear showing by plaintiff that it is entitled to relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 24 (2008). "A party seeking a preliminary injunction in this Circuit must establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *Connecticut State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022), *cert. denied*, 143 S. Ct. 215 (2022). An injunction is prohibitory and subject to the ordinary

---

[2] The Court finds that neither the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, nor the Anti Injunction Act ("AIA"), 28 U.S.C. § 2283, bar injunctive relief. *Cf. Gov't Emps. Ins. Co. v. Relief Med., P.C.*, 554 F. Supp. 3d 482, 495–97 (E.D.N.Y. 2021) (finding FAA did not bar injunction because the FAA requires enforcement of privately negotiated agreements rather than mandated clauses, such as those required by the No Fault scheme); *State Farm Mut. Auto. Ins. Co. v. Parisien*, 352 F. Supp. 3d 215, 224–33 (E.D.N.Y. 2018) (noting that an injunction was "consistent with the purpose of the AIA" by "serv[ing] the public policy of New York in combatting insurance fraud in the no-fault sector").

preliminary injunction standard where, like here, it maintains the status quo and "requires the non-movant to refrain from taking some action." *Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, 96 F.4th 351, 356 (2d Cir. 2024).

## DISCUSSION

I. <u>Irreparable Harm</u>

Irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction," *Daileader,* 96 F.4th at 358, and "'in the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied.'" *De Jesus Moreno v. Nielsen*, 460 F. Supp. 3d 291, 297 (E.D.N.Y. 2020) (quoting *Uppal v. New York State Dep't of Health*, 756 F. App'x 95, 96 (2d Cir. 2019)). More specifically, "[i]rreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015). "Even under the ordinary standard for prohibitive relief, the party seeking a preliminary injunction must demonstrate that irreparable harm is not only possible but likely." *Daileader*, 96 F.4th at 358 (2d Cir. 2024).

In the insurance context, courts have found irreparable harm where "an insurer is required to waste time defending numerous no-fault actions when those same proceedings could be resolved globally in a single, pending declaratory judgment action." *Parisien*, 352 F. Supp. 3d at 233. The "risk of inconsistent rulings in underlying proceedings" has also been found to demonstrate irreparable harm. *State Farm Mut. Auto. Ins. Co. v. Eclipse Med. Imaging, P.C.*, 700 F. Supp. 3d 4, 12 (E.D.N.Y. 2023) (finding risk of inconsistent rulings with one pending state court action and over 200

4

pending arbitrations) ("*Eclipse*")³; *see also State Farm Mut. Auto. Ins. Co. v. Herschel Kotkes, M.D., P.C.*, No. 22-cv-03611, 2023 WL 4532460, at *9 (E.D.N.Y. July 13, 2023) (finding risk of inconsistent rulings in "nearly 200 parallel proceedings" between pending state court actions and arbitrations).

Here, State Farm alleges that it has suffered irreparable harm because the arbitrations initiated by NYC Medical against State Farm are likely to lead to inconsistent results. Mot. at 21. State Farm argues the risk of inconsistent judgment is exasperated by the limited discovery available in the relevant expedited arbitration and the resulting practical limitations on defending a claim denial. *See* N.Y. Comp. Codes R. & Regs. tit. 11, 65-4.5(b) (requiring response within 10 business days and providing for only a single supportive submission from each party); *Allstate Ins. Co. v. Mun*, 751 F.3d 94, 99 (2d Cir. 2014) ("New York's arbitration process for no-fault coverage is an expedited, simplified affair meant to work as quickly and efficiently as possible. Discovery is limited or non-existent."). Indeed, State Farm alleges that inconsistent rulings have already been made concerning NYC Medical claims it denied and are likely to occur in the future. Mot. at 21.

In contrast, NYC Medical argues that the risk of inconsistent judgments is not mitigated by injunctive relief since (1) inconsistent judgments already exist and are a natural byproduct of the arbitration system available under the insurance scheme, and (2) State Farm did not seek to enjoin NYC Medical from future civil cases. Opp'n at 10, ECF No. 30.

NYC Medical's arguments are without merit. The possibility of further inconsistent rulings across numerous pending arbitrations and countless future arbitrations is

---

³ The pagination used for *Eclipse* throughout this order is from the advanced copy of the reporter and accurate as last accessed on August 1, 2024.

persuasive. Plaintiffs have a strong argument that such inconsistent rulings will potentially have a negative impact on their declaratory judgment claim. *Kotkes*, 2023 WL 4532460, at *9. Indeed, the risk of inconsistent judgments, even in the arbitration context, has previously been found to constitute irreparable harm. *See Eclipse*, 700 F. Supp. 3d at 13; *Kotkes*, 2023 WL 4532460, at *9 (noting the "problematic impact" inconsistent arbitral awards have on a future declaratory judgment).

Furthermore, contrary to defendant's argument, plaintiffs clearly request a stay of all pending arbitrations and to enjoin NYC Medical "from commencing arbitrations and state court lawsuits during the pendency of this action." Mot. at 14. Thus, a stay and injunction would provide plaintiffs with relief from the harm of ever-increasing inconsistent arbitration rulings.

Because State Farm has demonstrated that there is a risk of inconsistent judgments amidst over 50 pending arbitrations and countless future proceedings brought by plaintiff, the Court finds that State Farm has established it faces irreparable harm absent an injunction.

II. <u>Serious Questions Going to the Merits</u>

In the early, pre-trial stages of a case "involving an alleged scheme to defraud an insurer of assigned no-fault benefits[,] . . . any likelihood of success inquiry would be premature," and therefore courts reviewing a motion for preliminary injunction analyze whether there are serious questions going to the merits of the movant's claims to make them fair ground for litigation. *Relief Med.*, 554 F. Supp. 3d at 498; *see Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) ("*Citigroup*") (explaining the "[c]ontinued [v]iability of the '[s]erious [q]uestions' [s]tandard"). Thus, having established that it is likely to suffer irreparable harm absent

6

an injunction, plaintiff must also establish a sufficiently serious question. Serious questions are raised when the costs of declining an injunction outweigh the benefits. *Citigroup*, 598 F.3d at 35; *see also Spanski Enters., Inc. v. Telewizja Polska S.A.*, 832 F. App'x 723, 724 (2d Cir. 2020).

New York's No Fault insurance scheme has several eligibility requirements for entities receiving No Fault benefits. Relevant here, a health care service provider is prohibited from receiving benefits if it "fails to meet any applicable New York State or local licensing requirement." N.Y. Comp. Codes R. & Regs. tit. 11, 65-3.16(a)(12). Furthermore, insurers may "look beyond the face of licensing documents to identify willful and material failure to abide by state and local law." *State Farm Mut. Auto. Ins. Co. v. Robert Mallela*, 4 N.Y.3d 313, 321 (2005). In addition to non-entitlement for failing to comply with licensing requirements, courts have affirmed benefit withholding where medical services were found to be unnecessary. *Gov't Emps. Ins. Co. v. Advanced Comprehensive Lab'y, LLC*, No. 20-cv-02391, 2020 WL 7042648, at *7 (E.D.N.Y. Dec. 1, 2020).

State Farm argues that the aforementioned prohibitions provide the basis of serious questions going to the merits, for it is unclear (1) whether a licensed physician truly owns and operates NYC Medical, and (2) whether all the testing billed by NYC Medical was medically necessary. Mot. at 24. State Farm also puts forth several supported allegations to clearly show that there are serious questions such that the Court should grant a preliminary injunction.

State Farm asserts that, based on its investigation, it has concerns that NYC Medical is owned and operated by Simon Davydov, a lay person, rather than a licensed physician. AC ¶ 23. Davydov has previously been the subject of similar allegations of

7

improperly owning and operating a health service provider. AC ¶¶ 23–24. The allegations against Davydov include a 2018 action brought by GEICO, AC ¶ 27, and a 2021 action brought by Allstate, AC ¶ 28. The company at issue in the 2018 and 2021 actions, Epione, stopped operating and was allegedly replaced by NYC Medical. AC ¶ 29. Although NYC Medical involves doctors Michael Jacobi and Aleksandr Mostovoy, Mostovoy has indicated that Davydov had control of NYC Medical, including billing to insurance companies. AC ¶¶ 25, 31. The allegations and statements of Mostovoy thus raise serious questions as to whether NYC Medical is owned and controlled by a licensed physician as required by the No Fault scheme.

State Farm also has serious concerns regarding the necessity of services because "[w]hen the records from different patients are reviewed and compared, there appears to be patterns of unsupported diagnoses and unnecessary treatment and testing services." AC ¶ 36. For instance, patients are treated for many months without improvement or modifications to the treatment plan. AC ¶ 36. It also appears that some services are provided by independent contractors, which are non-compensable. AC ¶ 37. *See Perfect Dental, PLLC v. Allstate Ins. Co.*, 538 F. Supp. 2d 543, 546–547 (E.D.N.Y. 2007). Although State Farm requested records to validate the claims, NYC Medical has allegedly failed to provide all of the requested records, including records concerning employee and contractor files, direction of medical care, billing practices and procedures, and patient treatment files for claimed expenses. AC ¶ 38.

Accordingly, the Court finds that State Farm has demonstrated that there are serious questions as to whether State Farm owes NYC Medical for unpaid No Fault benefits due to uncertainty regarding potential non-physician ownership, services provided by independent contractors, and non-compliance with reporting requirements.

III.     Balance of Hardships and Public Interest

In order to issue a preliminary injunction, the Court must also find a "balance of hardships tipping decidedly in [the movant's] favor," *Citigroup*, 598 F.3d at 33, and does so here. If preliminary relief is denied, State Farm will experience hardship through inconsistent judgments and the time and resources spent defending the numerous pending AAA arbitrations, future arbitrations, and future lawsuits. *See Parisien*, 352 F. Supp. 3d at 233.

In contrast, NYC Medical has only alleged that it will experience remote, hypothetical hardship if enjoined from filing additional arbitrations and lawsuits during the pendency of this action. Specifically, NYC Medical alleges that a stay of its pending arbitrations would make it more difficult to seek relief if the patient policies are exhausted by other claims against those same policies prior to the conclusion of this matter. Opp'n at 16. However, defendant fails to provide any support for this fear beyond mere speculation. NYC Medical asks the Court to rule in its favor in the event that plaintiffs *hypothetically* succeed in this action, individual patients are *hypothetically* injured such that they exceed their $50,000 policy, and that NYC Medical *hypothetically* cannot pursue relief for services owed through a separate action. The only possibility NYC Medical attempts to support is the last, asserting that the six-year statute of limitations "may render the cases worthless." Opp'n. at 17. However, NYC Medical fails to provide any information on this alleged hardship, such as the number of claims eligible for action or timing on when the claims would be barred by the statute of limitations.

NYC Medical thus raises a hardship that is too remote and speculative to outweigh the imminent hardship faced by State Farm. Furthermore, defendant will not be prejudiced by the grant of an injunction, for it can recover No Fault benefits with interest

9

if plaintiff's claim is not successful. *See Eclipse*, 700 F. Supp. 3d at 18 (noting availability of accrued interest for No Fault benefits); *Parisien*, 352 F. Supp. 3d at 234 (noting if "State Farm fails to prove its claims, then, at worst, Defendants' recovery . . . will be delayed").

In considering the public interest, a court must assess the "public consequences in employing the extraordinary remedy of injunction." *Yang v. Kosinski*, 960 F.3d 119, 136 (2d Cir. 2020). Here, the public would be unharmed by the preliminary injunction because the dispute is limited in nature, impacting only the named private parties. *See, e.g.*, *Eclipse*, 700 F. Supp. 3d at 18–19 (noting an injunction would be "unlikely to harm or negatively affect the public at large" where relief would stay and enjoin only the parties). Furthermore, the insureds, who are members of the public, already received services that NYC Medical claims were necessary. Therefore, the public faces no negative consequences from the preliminary injunction.

## CONCLUSION

For the reasons stated above, defendant's motion for preliminary injunction is **GRANTED**. NYC Medical is enjoined from commencing new arbitrations or state court lawsuits against State Farm until resolution of this action and all pending AAA

arbitrations between NYC Medical and State Farm are stayed until resolution of this action.[4]

**SO ORDERED.**

    /s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:    August 2, 2024
             Brooklyn, New York

---

[4] Rule 65(c) of the Federal Rules of Civil Procedure provides that that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). But the Court "is vested with wide discretion in the matter of security." *Relief Med., P.C.*, 554 F. Supp. 3d at 505. Given that State Farm raises serious questions on the merits and NYC Medical is not prejudiced by the grant of preliminary injunction, the Court declines to require a security bond.

11